## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| **ROBERT HANKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **C.A. No. 08-219 Erie** |
| **v.** ) | |
| ) | **District Judge Sean J. McLaughlin** |
| **MAJOR MARK KRYSEVIG, et al.** ) | **Magistrate Judge Susan Paradise Baxter** |
| ) | |
| **Defendants.** ) | |


### MEMORANDUM ORDER

This civil rights action filed pursuant to 42 U.S.C. § 1983 was referred to United States

Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with

28 U.S.C. § 636(b)(1) and Local Rule 72.

Plaintiff is a state prisoner currently incarcerated at SCI-Rockview. Prior to his

incarceration there, he was housed at several other corrections institutions, including SCI-Forest,

SCI-Fayette, and SCI-Camp Hill. He originally brought this civil rights action in the United

States District Court for the Middle District of Pennsylvania against numerous defendants from

each of those institutions. In July of 2008, District Judge Richard P. Conaboy dismissed many

of the Defendants, including those from SCI-Camp Hill, and transferred the remainder of the

case to this Court. [ECF No. 60]. The only claims that remain are fourteen access-to-courts

and/or retaliation claims against defendants from SCI-Fayette and SCI-Forest.

Defendants have filed a motion for summary judgment as to all of Plaintiff's claims

[ECF No. 91] along with the required concise statement of facts [ECF No. 92] and brief in

support [ECF No. 93]. Plaintiff has filed a brief opposing Defendants' motion. [ECF No. 100].

He also has filed his own concise statement of facts [ECF No. 101], to which he has attached

approximately 435 pages of exhibits. His exhibits end with the number 97, but he did not file

exhibits numbered 19-33, or 53-58, or 87. Moreover, Exhibit 93 is identified as his "declaration," but it is neither a sworn affidavit nor an unsworn declaration under penalty of perjury as required by 28 U.S.C. § 1746. It also is missing pages.

Plaintiff also previously filed a motion for preliminary injunction [ECF No. 106] in which he raised issues regarding access to paper, envelopes, postage and a mailbox. He further contended that he did not have access to all of his legal property. The Magistrate Judge presided over a telephonic hearing on Plaintiff's motion on June 4 and June 18, 2010. [ECF Nos. 109, 112]. At the conclusion of the hearing, the Magistrate Judge issued a Report and Recommendation, which was subsequently adopted by the Court, in which it was recommended that Plaintiff's motion for injunction be granted to the extent he sought a legal property exchange and denied in all other respects. [ECF No. 112 at pp. 30-33; ECF No. 118]. On July 25, 2010, Kurt Granlund, a Unit Manager at SCI-Rockview, filed with the Court a declaration explaining that Plaintiff had access to his stored legal materials on April 22, 2010 and again on June 18, 2010. [ECF No. 113, Ex. A].

On July 22, 2010, Plaintiff filed another motion for a temporary and preliminary injunction [ECF No. 116] in which he once again complains that he does not have sufficient access to his legal property or to pens, paper, and other supplies. He admits that he recently received a legal property exchange but wants the Court to direct officials at SCI-Rockview to permit him to have another one.

On August 26, 2010, the Magistrate Judge issued a Report and Recommendation [ECF No. 121] in which she recommended that Defendants' motion for summary judgment be granted and that Plaintiff's motion for a temporary and preliminary injunction be denied.

After the Report and Recommendation was issued, Plaintiff filed a reply to Defendants' concise statement of facts [ECF No. 122] and his complete declaration [ECF No. 123]. Then, after having received an extension, he filed Objections and thirty-nine pages of additional exhibits. [ECF No. 125].

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. See 28 U.S.C.§ 636(b)(1). We have carefully examined *de novo* all claims raised by Plaintiff in his Objections and have also reviewed his complete declaration and additional exhibits. We find that Plaintiff's Objections have no merit. We also find that neither his declaration nor his additional exhibits demonstrate a genuine issue as to any material fact. We write only to address his contention that his additional exhibits preclude summary judgment as to Claim 6.

I.

In Claim 6, Plaintiff contends that several SCI-Fayette Defendants unlawfully retaliated against him by preventing him from telephoning a private investigator after Mark Krysevig, who at the relevant time was the Deputy Superintendent for Facilities Management, had given him permission to make the call. [ECF No. 1 at ¶ 27].

In the Report and Recommendation, the Magistrate Judge explained that Krysevig expressly denies that he approved a request made by Plaintiff to call a private investigator. The Magistrate Judge further explained that Plaintiff acknowledges that his phone calls had to be approved by the Program Review Committee ("PRC"). She noted that although he insists that the PRC approved a phone call for him, there is no support in the summary judgment record to support that factual assertion. While Plaintiff cites to paragraph 69 of Exhibit 93 (which he designated at his "declaration"), that exhibit does not contain a paragraph 69. Plaintiff also cites to Exhibits 19-23, but none of the exhibits he filed with the Court are identified by those numbers.

After the Magistrate Judge issued the Report and Recommendation, Plaintiff submitted his complete declaration, and at paragraph 69 of it he states: "At ... PRC hearing in 2006, Deputy Krysevig approved me a telephone call to the private detective investigat[or]." [ECF No. 123, ¶ 69]. In support of this assertion, he directs the Court to documents he has appended

to his Objections.[1]  [See ECF No. 125 at p. 21].  Those documents show that on November 14, 2006, Counselor Popovich informed him:

> I told you I researched your PRC notes.  Deputy Krysevig stated <u>he</u> <u>would</u> <u>talk</u> to the unit team about it.  He did not say that it was granted.  That was on 3/20/06.  You said you saw Deputy Krysevig <u>again</u> on 06/23/06 and nothing was mentioned about the call.  <u>Why?</u>

[ECF No. 125-1 at p. 38 (emphasis in original)].  Several days later, on November 22, 2006, Plaintiff again was informed: "You are not getting a phone call unless I get a recommendation in writing from your unit team."  [Id. at p. 39].

None of the documents submitted by Plaintiff show that he received approval to have a telephone conversation with a private investigator.  In fact, they support the opposite conclusion.  Therefore, because Plaintiff has not produced any factual support for the retaliation allegations he makes in Claim 6, Defendants are entitled to summary judgment on this claim.


                                              II.

Accordingly, following a *de novo* review of the pleadings and record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter be adopted as the opinion of this Court as supplemented herein.

IT IS FURTHER ORDERED that the Clerk of Courts is directed to close this case.


Date: September 22, 2010

                                    s/ Sean J. McLaughlin
                                    United States District Judge

cm: All parties of record.

---

[1] Plaintiff cites to Exhibit V of his Objections.  There is no Exhibit V.  It appears to the Court that he mistakenly labeled Exhibit V as Exhibit W and that he is relying upon the documents at ECF No. 125-1 at pp. 37-39, which are regarding issues related to Claim 6.